```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW MEXICO
                       LAS CRUCES DIVISION



UNITED STATES OF AMERICA,     )  CASE NO:  2:15-CR-01515-RB-2
                              )
          Plaintiff,          )         CRIMINAL
                              )
     vs.                      )     Las Cruces, New Mexico
                              )
TOBY CHAPIN PADILLA,           )    Wednesday, August 3, 2016
                              )     (1:41 p.m. to 1:43 p.m.)
          Defendant.          )     (2:37 p.m. to 2:54 p.m.)


                          PLEA HEARING


            BEFORE THE HONORABLE CARMEN E. GARZA,
                UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

For Plaintiff:            ANNA R. WRIGHT, ESQ.
                          U.S. Attorney's Office
                          555 S. Telshor Blvd., Suite 300
                          Las Cruces, NM 88011

For Defendant:            JOSE R. CORONADO, ESQ.
                          Law Offices of Jose R. Coronado, PC
                          135 W. Griggs Avenue
                          Las Cruces, NM 88001

Court Reporter:           Recorded; LC - Sierra Blanca

Clerk:                    B. Wilson

Transcribed by:           Exceptional Reporting Services, Inc.
                          P.O. Box 18668
                          Corpus Christi, TX 78480-8668
                          361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

**Las Cruces, New Mexico; Wednesday, August 3, 2016; 1:41 p.m.**

**(Call to Order)**

**THE COURT:** Each of you is here today because your attorney has advised me that you wish to plead guilty to a felony offense. Before I can accept your plea of guilty, I need to advise you of your rights.

Each of you has the right to plead not guilty and to have a jury trial. At a jury trial, you have the right to an attorney, and to a court-appointed attorney if you cannot afford to hire your own attorney.

Each of you would have the right to confront witnesses against you and to cross-examine them under oath.

Each of you would have the right to present evidence, to testify, and to compel witnesses to come to trial and testify on your behalf.

Each of you has the right to remain silent, not to testify at trial, and it would be your decision whether to testify at a trial. Your silence could not be used against you.

Each of you is presumed innocent and it's the Government's burden to prove beyond a reasonable doubt that you are guilty.

If you plead guilty, there will not be a trial and you will give up these rights that I have just described.

When I call your name, if you'd please come forward.

1           (Court attends other matters from 1:43 to 2:37 p.m.)

2                **THE COURT**:  All right.  Toby Chapin Padilla.

3                **MS. WRIGHT**:  Anna Wright for the Government, your Honor.

5                **MR. CORONADO**:  Good afternoon, your Honor.  Joe Coronado on behalf of Toby Chapin Padilla who is present.

7                And with the Court's permission, I'm going to have Mr. Padilla sign a consent to proceed.

9                And I've already gone through it with him, your Honor, so he understands what he's signing.

11               **THE COURT**:  All right.

12          (Court attends other matters from 2:38 to 2:39 p.m.)

13               **THE COURT**:  Okay.  Yes, all right.  Sir, would you please raise your right hand?

15          **(Defendant sworn)**

16               **THE COURT**:  All right.  You can put your hand down.  Sir, what is your full name?

18               **THE DEFENDANT**:  Toby Padilla; Toby C. Padilla.

19               **THE COURT**:  Is it Chapin Padilla?

20               **THE DEFENDANT**:  Yeah, Chapin Padilla.

21               **THE COURT**:  Chapin.  Okay.

22               **THE DEFENDANT**:  Yes.

23               **THE COURT**:  All right.  All right, sir, how old are you?

25               **THE DEFENDANT**:  Forty-four.

4

1    **THE COURT:**  As you stand here, are you under the
2    influence of alcohol, drugs, or medication?
3    **THE DEFENDANT:**  No.
4    **THE COURT:**  Are you being treated for any type of
5    physical or mental illness?
6    **THE DEFENDANT:**  No.
7    **THE COURT:**  All right.  Sir, you're here today to
8    plead guilty.  Is anyone forcing you or threatening you to
9    plead guilty?
10   **THE DEFENDANT:**  No.
11   **THE COURT:**  Has anyone promised you anything to get
12   you to plead guilty that's not contained -- or there isn't --
13   there is no plea agreement.  I'm sorry.
14   All right.  Has anyone promised you anything to get
15   you to plead guilty?
16   **THE DEFENDANT:**  No.
17   **THE COURT:**  All right.  All right.  Sir, earlier I
18   advised you of your constitutional rights, your right to plead
19   not guilty, to have a trial, and the rights that go along with
20   having a trial.  Did you understand those rights?
21   **THE DEFENDANT:**  Yes, ma'am.
22   **THE COURT:**  All right.  Do you understand if you
23   plead guilty you'll give up those rights?
24   **THE DEFENDANT:**  Yes, ma'am.
25   **THE COURT:**  Okay.  Sir, you have a right to have a

1  District Judge hear your case.  I am a Magistrate Judge.
2           Mr. Coronado has given me a signed Consent to Proceed
3  Before a United States Magistrate Judge in a Felony Case.  Did
4  you review that with your lawyer before you signed it?
5           **THE DEFENDANT**:  Yes, ma'am.
6           **THE COURT**:  All right.  And do you agree to have me
7  hear your case today?
8           **THE DEFENDANT**:  Yes, ma'am.
9           **THE COURT**:  All right.  You're pleading to the
10 indictment in this case.  Sir, you're charged in Count One with
11 conspiracy to distribute methamphetamine.  Do you understand
12 that charge?
13          **THE DEFENDANT**:  Yes.
14          **THE COURT**:  You're charged in Count Six with
15 distribution of a mixture and substance containing
16 methamphetamine.  Do you understand that charge?
17          **THE DEFENDANT**:  Yes, ma'am.
18          **THE COURT**:  You're charged in Counts Eight through
19 Twelve and Twenty-four with use of a communication facility to
20 further the commission of a drug trafficking crime.  Do you
21 understand those charges?
22          **THE DEFENDANT**:  Yes, ma'am.
23          **THE COURT**:  You're charged in Count Thirteen with
24 possession with intent to distribute methamphetamine.  Do you
25 understand that charge?

6

1    **THE DEFENDANT:** Yes, ma'am.

2    **THE COURT:** And finally, you're charged in Count
3  Fourteen with felon in possession of a firearm and ammunition.
4  Do you understand that charge?

5    **THE DEFENDANT:** Yes, ma'am, I understand that.

6    **THE COURT:** All right. What are the maximum
7  penalties, please?

8    **MS. WRIGHT:** Your Honor, as to Count One, the maximum
9  penalty is a minimum of 10 years imprisonment, a maximum of
10 life imprisonment, not less than a 5-year term on supervised
11 release, and a $10 million fine.

12   As to Count Six, the maximum term of imprisonment is
13 20 years, not less than a 3-year term on supervised release, a
14 $1 million fine.

15   As to Counts Eight through Twelve and Count Twenty-
16 four, there is a maximum term of 4 years imprisonment, a term
17 of 1-year supervised release, and a fine of $250,000.

18   As to Count Thirteen, there is a term of not less
19 than 10 years and not more than life imprisonment, not less
20 than a 5-year term of supervised release, a fine not to exceed
21 $10 million.

22   Finally, as to Count Fourteen, there is a maximum
23 term of imprisonment of 10 years, a term of not more than
24 3 years on supervised release, and a $250,000 fine.

25   As to all counts there is a $100 special penalty

1  assessment.
2       **THE COURT**: Thank you.
3       Mr. Padilla, do you understand those penalties?
4       **THE DEFENDANT**: Yes, ma'am.
5       **THE COURT**: Are you a United States citizen?
6       **THE DEFENDANT**: Yes.
7       **THE COURT**: Insofar as you haven't already lost your
8  civil rights, do you understand that you could lose valuable
9  civil rights by pleading guilty?  The right to vote, hold
10 public office, be a juror, and possess a firearm.
11      **THE DEFENDANT**: Yes, ma'am.
12      **THE COURT**: All right.  Have you had a chance to talk
13 to Mr. Coronado about all the facts and circumstances of your
14 case?
15      **THE DEFENDANT**: Yes, ma'am.
16      **THE COURT**: Are you satisfied with his advice and his
17 representation of you?
18      **THE DEFENDANT**: Yes, ma'am.
19      **THE COURT**: Have you had enough time to talk to him
20 before coming to court today?
21      **THE DEFENDANT**: Yes, ma'am.
22      **THE COURT**: All right.  Let's see.
23      **MR. CORONADO**: Your Honor, may I just add one thing
24 to the colloquy?
25      **THE COURT**: Yes.

1   **MR. CORONADO**: Mr. Padilla intends to enter a denial
2   as to -- or not enter a plea as to Count Fourteen of the grand
3   jury indictment. That's the only exception. I have discussed
4   it with counsel, and what we intend to do is waive the right to
5   jury trial and ask for a bench trial on that count.
6   **MS. WRIGHT**: And your Honor, Mr. Coronado did inform
7   me of that before court started today. As to whether or not it
8   will be a bench or jury trial, the Government needs to take
9   some time to consider that, so as of right now, we're not
10  agreeing to bench trial. We are not objecting to him
11  proceeding by pleading guilty to the indictment on the
12  remaining counts.
13  **THE COURT**: All right. Okay. All right. So, sir,
14  you're not going to be pleading guilty to felon in possession
15  of a firearm and ammunition. You understand that?
16  **THE DEFENDANT**: Yes, ma'am.
17  **THE COURT**: You understand that, sir?
18  **THE DEFENDANT**: Yes. Yes, ma'am.
19  **THE COURT**: All right. Okay. All right. I'll take
20  that out. So, all right. So, sir, you've had enough time to
21  talk to Mr. Coronado before coming to court today?
22  **THE DEFENDANT**: Yes, ma'am.
23  **THE COURT**: All right. I'm sure he's talked to you
24  about your sentence and told you what he thinks you will
25  receive. Do you understand that what he's told you is his best

1  estimate of what you will receive?

2      **THE DEFENDANT:**  Yes, ma'am.

3      **THE COURT:**  Do you understand you can receive a
4  sentence that's different or harsher than what he's told you?

5      **MR. CORONADO:**  Your Honor, what I told Mr. Padilla is
6  that he's looking at a mandatory minimum of 10 years, so he's
7  looking at 120 months mandatory minimum.

8      **THE COURT:**  Right.

9      **MR. CORONADO:**  Our discussion with respect to the
10 balance is that there's a real question in our minds about what
11 the Government, would they be able to prove above and beyond
12 that, and so he understands that we will have a sentencing
13 argument about what that might be.

14     **THE COURT:**  All right.

15     **MR. CORONADO:**  And that we will file objections to
16 whatever the Government might say.

17     **THE COURT:**  So, you understand, sir, that you're
18 looking upwards of 240 months then?

19     **MR. CORONADO:**  She's asking you if you understand --

20     **THE COURT:**  That's -- no, that's not right; 120
21 months is 10 years.

22     **MR. CORONADO:**  Yes.

23     **THE DEFENDANT:**  120 months?

24     **THE COURT:**  I'm sorry.  Right?

25     **MR. CORONADO:**  He understands that that's the

1  mandatory minimum he's looking at, your Honor.

2  **THE COURT**: All right. And he doesn't sound like

3  he's safety valve-eligible then.

4  **MR. CORONADO**: No, he is not.

5  **THE COURT**: All right. But you understand that, sir?

6  You could get a more substantial sentence. No one is here

7  telling you you're going to just get ten years.

8  **THE DEFENDANT**: Yes. Yes, ma'am, I understand that.

9  **THE COURT**: All right. Do you understand that the

10 judge that sentences you will have to make that determination?

11 Do you understand that?

12 **THE DEFENDANT**: Yes, ma'am. Yes, ma'am.

13 **THE COURT**: And you understand that judge will look

14 at the Federal Sentencing Guidelines even though they're

15 advisory to decide what your sentence will be?

16 **THE DEFENDANT**: Yes, ma'am.

17 **THE COURT**: Do you understand that by entering into

18 this agreement, I mean that -- no, you're not giving up any

19 rights to -- other rights, are you? Okay.

20 You are reserving the right to go to trial on felon

21 in possession of a firearm and ammunition. Is that your

22 understanding?

23 **THE DEFENDANT**: Yes. Yes. Yes, ma'am.

24 **THE COURT**: All right. Do you understand the Court

25 will not be able to determine your sentence until a presentence

1  report has been prepared?

2  **THE DEFENDANT**: Yes, ma'am.

3  **THE COURT**: All right. And do you understand that
4  after that time, your attorney can make certain objections like
5  he just told me regarding your sentence?

6  **THE DEFENDANT**: Yes, ma'am.

7  **THE COURT**: All right. You understand the Court
8  won't be able to determine your sentence at all until that's
9  done? That's completed.

10  **THE DEFENDANT**: Yes. Yes, ma'am.

11  **THE COURT**: All right. So, let's go through. How do
12  you plead to Count One, conspiracy to distribute
13  methamphetamine? Do you plead guilty or not guilty?

14  **THE DEFENDANT**: Guilty.

15  **THE COURT**: All right. How do you plead to Count
16  Six, distribution of a mixture and substance containing
17  methamphetamine? Do you plead guilty or not guilty?

18  **THE DEFENDANT**: Guilty.

19  **THE COURT**: How do you plead to Counts Eight through
20  Twelve and Twenty-four, use of a communication facility to
21  further the commission of a drug trafficking crime? Do you
22  plead guilty or not guilty?

23  **THE DEFENDANT**: Guilty.

24  **THE COURT**: Finally, as to Count Thirteen, possession
25  with intent to distribute 50 grams and more of methamphetamine,

1  how do you plead to that charge, sir?

2        **THE DEFENDANT**:  Guilty.

3        **THE COURT**:  What would the Government be able to

4  prove if these cases were to go to trial, or these charges?

5        **MS. WRIGHT**:  Your Honor, I'll summarize the facts for

6  all the counts as one because Count One, the conspiracy,

7  encompasses the facts for the remaining counts that he is

8  charged with.

9        The Government would be able to prove that from on or

10  about March 27th of 2014, until on or about April 28th of 2015,

11  the Defendant worked with his Codefendants and others to

12  distribute methamphetamine in Silver City, New Mexico.

13        The Government would be able to prove that he is

14  responsible for approximately 1.5 to 5 kilograms of

15  methamphetamine.

16        As part of this conspiracy and as charged in -- in

17  the counts alleged in the indictment, on August 23rd of 2014,

18  and as alleged in Count Six, a Codefendant, Judah Mondello,

19  arranged a drug transaction on behalf of another individual who

20  he later learned was a confidential informant.  He did that by

21  making calls to Mr. Padilla and to another Codefendant.

22        That same day, the other Codefendant then facilitated

23  the exchange of one-half ounce of methamphetamine for $600 by

24  arranging for Toby Padilla to send another Codefendant with the

25  methamphetamine to meet with the confidential informant.

1    On December 5th of 2014, as alleged in Count Eight,
2 Mr. Padilla and Mr. Jacquez, a Codefendant, made arrangements
3 over the phone to pool their money and -- for the joint
4 purchase of methamphetamine.
5    And I'm sorry, I misspoke. That's as in Count Eight
6 which is a telephone count. And these next few counts, your
7 Honor, each of these conversations took place over a telephone;
8 that is -- is a, sorry. A communication facility as defined
9 within the statute, and they had these conversations in
10 furtherance of their drug trafficking activity.
11    So, again, on December 5th, Mr. Padilla and
12 Mr. Jacquez made arrangements to pool their money for a joint
13 purchase of methamphetamine as alleged in Count Eight.
14    On that same date as alleged in Count Nine,
15 Mr. Padilla made phone calls to arrange for the collection of
16 money that was owed to him, and for the delivery of that money
17 to Crystal Gomez, who then gave it to Mr. Jacquez.
18    The next day, December 6 of 2014, as alleged in Count
19 Ten, Mr. Padilla and Mr. Jacquez again made plans to use their
20 pooled money to purchase methamphetamine as soon as possible.
21    I'm sorry. I lost my place for just a moment there,
22 your Honor.
23    On December 10th of 2014, Mr. Jacquez told
24 Mr. Padilla that he had finally received the methamphetamine
25 that they had paid for, and they discussed plans for the next

1   joint purchase which was to be larger than what they had just

2   bought.

3           On December 15th of 2014, Mr. Padilla told an unknown

4   woman that he had plenty of methamphetamine and that it was a

5   high quality.

6           On December 18th, Mr. Padilla stored 52.7 grams of

7   methamphetamine in his living room and his bedroom.

8           On December 7th of 2015, Mr. Padilla and Bernice

9   Miranda discussed ways that Padilla could avoid charges for the

10  methamphetamine that had been seized from his home pursuant to

11  a state search warrant.  That same day, Mr. Padilla and

12  Mr. Jacquez again spoke on the phone and made plans to combine

13  their money for another drug purchase.

14          Again, on that day, Mr. Padilla and Mr. Romero spoke

15  on the phone about potential investigations into their drug

16  trafficking activities, and Mr. Padilla instructed Mr. Romero

17  to tell their coconspirators not to speak to law enforcement if

18  they were arrested.

19          On January 16th of 2015, Mr. Jacquez agreed to sell

20  methamphetamine to Toby Padilla by directing Mr. Padilla to go

21  to Crystal Gomez's house to pick up the methamphetamine.

22          And finally, on January 17th of 2015, Mr. Padilla

23  spoke with Bernice Miranda and agreed to provide

24  methamphetamine for Miranda to sell in return for a payment of

25  $150.

1       **THE COURT:**  Sir, are those facts true?

2       **THE DEFENDANT:**  Yes, ma'am.

3       **THE COURT:**  All right.  Did you know that that was
4  methamphetamine that you were distributing, sir?

5       **THE DEFENDANT:**  Yes, ma'am.

6       **THE COURT:**  All right.  And did you have an agreement
7  with other people to distribute methamphetamine over a period
8  of time?

9       **THE DEFENDANT:**  Yes, ma'am.

10      **THE COURT:**  Did you use a telephone in order to help
11  further that process?

12      **THE DEFENDANT:**  Yes, ma'am.

13      **THE COURT:**  All right.  Let's see.

14      **MS. WRIGHT:**  And your Honor, if I may, I -- I'm not
15  sure what the process is, but I believe the Defendant's
16  intention also was to plead to the forfeiture allegation.

17      **MR. CORONADO:**  Yes.

18      **THE COURT:**  Okay.

19      **MS. WRIGHT:**  And so if I may recite a basis for that,
20  I think that will be appropriate.

21      **THE COURT:**  Yes, tell me what he's forfeiting because
22  I don't -- I did not ask him that.

23      **MS. WRIGHT:**  Yes, your Honor.  The forfeiture
24  allegation in the indictment alleges that -- that the following
25  property should be forfeited.

1           First, a North American Arms .22 Magnum handgun with
2  a serial number E078273, and a money judgment in the amount of
3  $3,300 in United States currency.
4           The forfeiture allegation also alleges that
5  substitute assets shall be seized if those items are not
6  available.
7           **THE COURT:**  Sir, is that true as well?  Do you agree
8  to forfeit those items?
9           **THE DEFENDANT:**  Oh, yes, ma'am.  Yes, ma'am.
10          **THE COURT:**  And that money?  Okay.  All right.
11          **MS. WRIGHT:**  And your Honor, if we were put to the
12  test, the Government would prove that those items, the handgun
13  and the $3,300, were either used in furtherance of the drug
14  trafficking conspiracy that all of the Codefendants
15  participated in or represented the proceeds of some of their
16  drug trafficking activity.
17          **THE COURT:**  Sir, do you agree with those allegations
18  concerning the $3,300 and the handgun?
19          **THE DEFENDANT:**  Yes, ma'am.
20          **THE COURT:**  And you agree to give up any right,
21  title, or interest in those?
22          **THE DEFENDANT:**  Yes, ma'am.
23          **THE COURT:**  All right.  Counsel, are you satisfied
24  that pleading guilty is in his best interest?
25          **MR. CORONADO:**  Yes, your Honor.

1        **THE COURT**:  All right.  I do find that he is
2   competent and capable of entering an informed plea, he's aware
3   of the nature of the charges and the consequences of the plea,
4   the plea is knowing and voluntary.
5        I do accept your plea of guilty, sir.  I do adjudge
6   you guilty.  I'll defer acceptance of the plea agreement to
7   Judge Brack and also with regard to the remaining count.  You
8   can contact Judge Brack to make arrangements for your trial in
9   that matter.
10       **MR. CORONADO**:  Yes, your Honor.  Thank you.
11       **THE COURT**:  Thank you.  Thank you.  All right.
12   **(This proceeding was adjourned at 2:54 p.m.)**

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          June 22, 2018_

TONI HUDSON, TRANSCRIBER

EXCEPTIONAL REPORTING SERVICES, INC