# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                       No. CR 15-1515-02 RB

TOBY CHAPIN PADILLA,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Mr. Padilla's Motion for Compassionate Release (Doc. 520) and Supplemental Motion (Doc. 529). Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motions are not well-taken and should be **DENIED**.

**I.  Background**

On August 3 and August 18, 2016, Mr. Padilla pled guilty to the following counts of an Indictment: (1) conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846; (2) distribution of a mixture and substance containing a detectable amount of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2; (3) five counts of use of a communication facility to further the commission of a drug trafficking crime and aiding and abetting, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; (4) possession with intent to distribute 50 grams and more of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; (5) felon in possession of a a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (6) conspiracy to use a communication facility to further the commission of a drug trafficking crime, in violation

of 21 U.S.C. § 846, 31 U.S.C. § 843(b), and 18 U.S.C. § 2. (Docs. 254; 393; 452 (Presentence Report (PSR)) at 1–2.) The Court sentenced Mr. Padilla to 168 months imprisonment. (Doc. 458.)

Mr. Padilla has served approximately 6 years of his 14-year sentence. (*See* Doc. 529 at 2.) His anticipated release date is April 4, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 1, 2021). He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (*See id.* at 1.)

## II. Discussion

Mr. Padilla seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Padilla emailed the warden of FCI Big Spring on November 2, 2020, seeking compassionate release. (*See* Doc. 520 at 24.) On November 7, 2020, Mr. Padilla's nephew submitted a request for compassionate release on his behalf to the BOP. (*See* Doc. 529-5.) Under these circumstances, the Government concedes that Mr. Padilla has exhausted his administrative remedies. (*See* Doc. 532 at 11.)

Mr. Padilla asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. (Doc. 529 at 3.) He argues that his medical conditions,

together with the poor conditions at his facility, put him at risk for severe illness from COVID-19. (*Id.*) The medical record shows that Mr. Padilla has been diagnosed with hypertension, obesity, pre-diabetes, and kidney disease. (*See, e.g.*, Doc. 530-1 at 2, 5, 141, 93.) The Government acknowledges that the CDC lists obesity as a medical condition that puts individuals at an increased risk for severe illness from COVID-19. (*See* Doc. 532 at 13.) *See also People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Mar. 29, 2021). The CDC also lists hypertension as a condition that can make an individual "more likely to get severely ill from COVID-19." *See id.* Ultimately, the Government concedes that Mr. Padilla has demonstrated extraordinary and compelling circumstances that may qualify for potential release in the face of the pandemic. (*See* Doc. 532 at 13.)

The Court observes, however, that while FCI Big Spring has clearly had its struggles with COVID-19,[1] it appears that the facility has gotten the pandemic under control for the moment and currently has no positive inmate cases. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 1, 2021). Finally, there is record evidence to show that Mr. Padilla had a confirmed case of COVID-19 in September/October 2020. (*See* Doc. 530-1 at 66, 191.) He was asymptomatic. (*See id.*) There is no indication that Mr. Padilla had any lingering effects from his COVID-19 diagnosis, thereby "mitigating his concern that he would develop severe complications if infected with the virus." *See United States v. Hollins*, No. 15-20100-JAR, 2021 WL 103017, at *2 (D. Kan. Jan. 12, 2021). "While the Court recognizes the risk of reinfection and is sympathetic to [Mr. Padilla's] concerns about the BOP's COVID-19 response," other factors weight against a sentence reduction in this case. *See id.*

---

[1] The BOP website reflects that 735 inmates and 11 staff members have recovered from COVID-19 at FCI Big Spring. *See* COVID-19 Coronavirus, https://www.bop.gov/coronavirus/.

3

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government argues that Mr. Padilla would pose a danger to public safety if he were to be released. (Doc. 532 at 14.) The Court agrees that Mr. Padilla's criminal history counsels against release. Mr. Padilla has convictions dating back to 1996 for methamphetamine distribution, six convictions for aggravated battery against a household member, attempt to possess a controlled substance, possession of a controlled substance, and conspiracy to distribute methamphetamine. (*See* PSR ¶¶ 27–36.) These convictions resulted in a criminal history category of III. (*Id.* ¶ 38.)

Given Mr. Padilla's history, the Court believes that he would be better prepared for a successful transition by finishing the remainder of his sentence and receiving a placement at a halfway house. The undersigned encourages Mr. Padilla to take advantage of all opportunities for counseling, educational programming, and work to improve his chances at a successful transition.

**THEREFORE,**

**IT IS ORDERED** that Mr. Padilla's Motion for Compassionate Release (Doc. 520) and Supplemental Motion (Doc. 529) are **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE